UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TERRY L. NEMEC<br>7148 Townline Road<br>West Bend, WI 53090<br><br>*Plaintiff,*<br><br>and<br><br>NORRIS COCHRAN, ACTING SECRETARY OF DEPARTMENT OF HEALTH & HUMAN SERVICES<br>c/o Richard G. Frohling, Acting U.S. Attorney<br>517 East Wisconsin Avenue<br>Milwaukee, WI 53202<br><br>WISCONSIN DEPT. OF HEALTH SERVICES<br>c/o Andrea Palm, Acting Secretary<br>1 West Wilson Street<br>Madison, WI 53703<br><br>*Involuntary Plaintiffs,*<br><br>vs.<br><br>UNITED STATES OF AMERICA<br>c/o Richard G. Frohling, Acting United States Attorney for the Eastern District of Wisconsin<br>517 E. Wisconsin Ave, Ste 530<br>Milwaukee WI 53202<br><br>*Defendant.* | **Case No.**<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW, Plaintiff Terry L. Nemec, by and through counsel, Martin Law Office, S.C., and brings this Complaint to set forth claims that Plaintiff asserts in this litigation against Defendant, UNITED STATES OF AMERICA.

Plaintiff alleges as follows:

1. This is a claim for negligence arising out of the injuries to Terry L. Nemec and is brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq.

2. Plaintiff, Terry L. Nemec, presented his claims to the United States Department of Veterans Affairs and said department has failed to finally deny or make a final disposition of said claims within six months after filing of the same.

## PARTIES

3. That at the present time, the plaintiff, Terry L. Nemec, is an adult citizen and resident of the State of Wisconsin, Washington County, residing at 7148 Townline Road, West Bend, WI 53090.

4. That at the present time, the involuntary plaintiff, Norris Cochran, Acting Secretary of the United States Department of Health and Human Services, has oversight responsibility for the Health Care Financing Administration, the agency responsible for administering the federal Medicare program; that upon information and belief, Medicare paid claims on behalf of the plaintiff, Terry L. Nemec, for medical care and services rendered as a result of the injuries he sustained as hereinafter set forth; that pursuant to 42 U.S.C § 1395y(b)(2), Medicare is entitled to reimbursement for related paid claims if the plaintiff, Terry L. Nemec, recovers through settlement or judgment, as determined by 42 C.F.R. sec. 411.37.

5. That at the present time, the involuntary plaintiff, Wisconsin Department of Health Services, is a statutorily created health insurance provider, with offices of Acting Secretary, Andrea Palm, located at 1 West Wilson St., Madison, Wisconsin 53703; that Wisconsin Department of Health Services has paid health claims on behalf of the plaintiff, Terry

L. Nemec, for medical care and services rendered as a result of the injuries he sustained as hereinafter set forth; that by reason of any such payments, Wisconsin Department of Health Services is a proper party.

6.  At all times material hereto, the negligent acts and omissions alleged herein were committed by persons who were employees, agents and / or servants of and acting within the scope of their employment with Defendant, United States of America, and, more specifically, United States Department of Veterans Affairs, at Clement J. Zablocki VA Medical Center in Milwaukee, Wisconsin, a hospital owned and operated by Defendant, United States of America; as such, Defendant, United States of America, is an appropriate defendant pursuant to the Federal Tort Claims Act. 28 U.S.C. § 1346(b).

## JURISDICTION AND VENUE

7.  The negligence claim asserted herein are brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1346(b).

8.  Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. § 1402(b) as the acts and omissions that are the subject matter of this complaint occurred within the Eastern District of Wisconsin in Milwaukee County and Plaintiff resides within the Eastern District of Wisconsin in Washington County.

## FACTUAL ALLEGATIONS

9.  Terry L. Nemec was admitted to the Clement J. Zablocki VA Medical Center on April 23, 2018 for an abdominal aortic aneurysm. During the hospitalization, Mr. Nemec underwent surgical repair of the abdominal aortic aneurysm.

3

Case 2:21-cv-00256-SCD   Filed 02/26/21   Page 3 of 7   Document 1

10. Following the surgery, Mr. Nemec suffered from complications including acute kidney injury, hypertension, right leg compartment syndrome, pneumonia, pleural effusion, and cardiogenic shock. As a result of these complications, Mr. Nemec required prolonged mechanical ventilation, which including a prolonged period of intubation with an endotracheal tube. Specifically, Mr. Nemec was ventilated and had an endotracheal tube in place for twelve days.

11. There is a risk of developing pressure ulcers within the oral cavity when a patient has a prolonged period of endotracheal tube intubation. These pressure ulcers are most commonly due to pressure inside the oral cavity from the endotracheal tube.

12. Given the risk of oral cavity pressure ulcers, the patient's oral cavity must be assessed and treated for potential pressure ulcers due to the endotracheal tube. This includes, but is not limited to, routine assessment of the oral cavity for the early stages of pressure ulcers and ischemia; routine repositioning of the endotracheal tube; use of an endotracheal tube holder; routine changing of the endotracheal tube holder; routine oral care / hygiene; and the use of other pressure relieving modalities.

13. During his twelve-day period of endotracheal intubation, Mr. Nemec suffered ischemia to his tongue due to the pressure of the endotracheal tube on his tongue. This ischemia resulted in necrosis of the tongue.

14. As a result of the necrosis, Mr. Nemec suffered significant and permanent damage to his tongue, including deformity and impaired function. The deformity and impaired function required treatment with otolaryngology, speech therapy, surgery, and wound care. Also, as a result of the necrosis, Mr. Nemec suffered dysphagia (difficulty swallowing) and dysphasia (difficulty speaking), which required treatment with a gastrostomy tube and speech therapy.

15. The deformity and impairment to Mr. Nemec's tongue is permanent and will require future treatment.

## COURT I: NEGLIGENCE

16. Realleges and incorporates herein all allegations of the preceding paragraphs.

17. Defendant, United States of America, through its agents, employees and/or servants, had a duty to provide care to Terry L. Nemec, at all times material hereto, including from April 23, 2018 and thereafter, which duty required Defendant, United States of America, through its agents, employees and/or servants, to use that degree of care, skill and judgment usually exercised by reasonable hospitals, its agents, employees and/or servants, in the same or similar circumstances.

18. Defendant, United States of America, through its agents, employees and/or servants, was negligent in its care and treatment of Terry L. Nemec at all times material hereto, including, but not limited to, from April 23, 2018 and thereafter, in that it failed to possess/exercise that degree of care, skill and judgment usually exercised by a reasonable hospital, its agent, servants and employees, in that it, amongst other things, negligently failed to properly assess Mr. Nemec's oral cavity for the early stages of pressure ulcers and ischemia; negligently failed to properly reposition the endotracheal tube timely and frequently; negligently failed to properly reposition the endotracheal tube off the center of Mr. Nemec's tongue; negligently failed to properly assess and treat Mr. Nemec's tongue for symptoms of pressure ulceration and ischemia; negligently failed to properly change the endotracheal tube holder timely and frequently; negligently failed to properly follow the manufacturer's instructions for the endotracheal tube holder; and was otherwise negligent.

5

19. The negligence of the Defendant, United States of America, as alleged herein was a cause of the injuries sustained by Terry L. Nemec, including past and future pain, suffering, disability, disfigurement, emotional distress, mental anguish, and loss of enjoyment of life; past and future medical expenses; and other compensable injuries and damages to be determined at the trial of this matter.

## COURT II: NEGLIGENT HIRING, TRAINING AND SUPERVISION

20. Realleges and incorporates herein all allegations of the preceding paragraphs.

21. Defendant, United States of America, its agents, servants and/or employees, were negligent in hiring, training and/or supervising its employees in that the Defendant, United States of America, its agents, servants and/or employees, amongst other things, negligently failed to properly assess Mr. Nemec's oral cavity for the early stages of pressure ulcers and ischemia; negligently failed to properly reposition the endotracheal tube timely and frequently; negligently failed to properly reposition the endotracheal tube off the center of Mr. Nemec's tongue; negligently failed to properly assess and treat Mr. Nemec's tongue for symptoms of pressure ulceration and ischemia; negligently failed to properly change the endotracheal tube holder timely and frequently; negligently failed to properly follow the manufacturer's instructions for the endotracheal tube holder; and was otherwise negligent.

22. That the negligent hiring, training and/or supervision by the Defendants, United States of America, its agents, servants and/or employees, as alleged, was a direct and proximate cause of the causal negligence as alleged in Pars. 18 & 21, *supra*.

23. The negligent hiring, training and/or supervision of the Defendant, United States of America, as alleged herein was a cause of the injuries sustained by Terry L. Nemec, including past and future pain, suffering, disability, disfigurement, emotional distress, mental anguish, and

loss of enjoyment of life; past and future medical expenses; and other compensable injuries and damages to be determined at the trial of this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Terry L. Nemec, demands judgment against Defendant, United States of America, and requests:

1. Awarding compensatory damages.

2. Awarding pre-judgment and post-judgment interest to Plaintiff.

3. Awarding all statutory damages and relief.

4. Awarding the costs and the expenses of this litigation to Plaintiff.

5. Awarding reasonable attorneys' fees and costs to Plaintiffs as provided by law.

6. Dismissing all subrogation claims.

7. Granting all such other relief as the Court deems necessary, just and proper.

## DEMAND FOR TRIAL

Plaintiff, Terry L. Nemec, demands a trial of all claims in this Complaint so triable.

Dated:  February 26, 2021           /s/ Kevin R. Martin
                                    Kevin R. Martin
                                    Attorney Bar No. 1045748
                                    MARTIN LAW OFFICE, S.C.
                                    Attorneys for Plaintiff
                                    7280 S. 13th St., Ste. 102
                                    Oak Creek, WI 53154
                                    Telephone: (414) 856-2310
                                    Fax: (414) 856-2315
                                    Email: kevin@martin-law-office.com